IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | | |
|---|---|---|
| DANIEL HERRERA, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:07-CV-196-DB |
| | ) | |
| v. | ) | District Judge Dee Benson |
| | ) | |
| STATE OF UTAH, | ) | **O R D E R** |
| | ) | |
| Respondent. | ) | Magistrate Judge Paul Warner |

On June 13, 2007, this Court ordered Petitioner to show cause why his habeas corpus petition should not be denied because his claims are procedurally barred. Petitioner responded, essentially restating the facts and arguments he had already submitted in his original petition. He stated nothing that challenges or changes the Court's conclusion that his claims are procedurally barred. He did later send the Court a copy of a motion he filed at the end of August 2007, in Utah's First District Court, asking that court to relieve him of his judgment of conviction.

Therefore, a related ground (to procedural bar) for denying this federal petition is the *Younger* abstention doctrine. *See Housley v. Williams*, No. 92-6110, 1993 U.S. App. LEXIS 5592, at *8 (10th Cir. Mar. 12, 1993) (unpublished); *Cen*, 2002 U.S. Dist. LEXIS 9314, at *2. After all, "[t]he rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity," as defined in *Younger v. Harris*, 401 U.S. 37, 44 (1971). *Preiser v. Rodriguez*, 411 U.S. 475, 491, 93 S.

Ct. 1827, 1837 (1973). The test for determining whether to abstain has three parts: "First, is there a pending state judicial proceeding; 'second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Oltremari ex rel. McDaniel v. Kan. Social & Rehab. Serv.*, 871 F. Supp. 1331, 1356 (D. Kan. 1994) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521 (1982)).

Applying the test here, the Court first determines based on the information provided by Petitioner that there is a pending state judicial proceeding--his motion for relief from judgment in his criminal conviction. Second, although habeas cases are considered civil in nature, "'[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature.'" *Oltremari ex rel. McDaniel*, 871 F. Supp. at 1356 (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 432). Considering that Petitioner actually attacks--both here and in state court--apparently ongoing criminal proceedings, the Court concludes the issues in this noncriminal habeas case clearly are integral to "proceedings criminal in nature," and, consequently, involve an important state interest. *Id.* Finally, Petitioner has not suggested that he has not had an adequate chance to raise

2

any of his federal constitutional challenges in state court. In fact, as explained in the Order to Show Cause, by federal statute, he *must* raise his challenges in state court first before bringing them here. *See* 28 U.S.C.S. § 2254 (b) & (c) (2007); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 U.S. App. LEXIS 28231, at *5-8 (10th Cir. Nov. 9, 1998).

## CONCLUSION

Petitioner's claims are procedurally barred. Alternatively, the Younger abstention doctrine precludes this Court from intervening in an ongoing state court criminal proceeding. IT IS THEREFORE ORDERED that this federal habeas corpus petition is DENIED.

DATED this 8th day of Oct., 2007.

BY THE COURT:

DEE BENSON
United States District Judge